NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> Plaintiff, : <br> : Crim. No. 13-0429 (RBK) <br> v. : <br> : **OPINION** <br> KEITH JACKSON, : <br> : <br> Defendant. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion for Reduction of Sentence under the First Step Act (Doc. No. 337). For the reasons set forth below, Defendant's Motion is **DENIED**.

**I.   BACKGROUND**

   **A.   Factual Background**

Defendant Keith Jackson is an inmate at the Federal Medical Center Rochester. (Doc. No. 346). For a little over a year, from January 2012 to April 2013, Defendant supplied bulk quantities of heroin to co-defendant Carl Wiles, who in turn, directed individuals to repackage and sell the heroin at drugs sets located at Eight and Tulip Street and the Crestbury Apartments in Camden. (*Id.*). On April 8, 2013, Defendant was charged with conspiracy to distribute and with possession with intent to distribute 100 grams or more of heroin and 280 grams of cocaine base in violation of 21 U.S.C. § 846 and § 841(a)(1) and (b)(1)(A). (*Id.*). Three years later, in January of 2016, he pled guilty to conspiracy to distribute and to possess with intent to distribute

1

heroin in violation of 21 U.S.C. § 846. In October of 2016, he was sentenced to a term of 151 months imprisonment and three years of supervised release.

Four years later, in October of 2020, Defendant submitted a formal request for compassionate release to the Bureau of Prisons. (Doc. No. 337). He claimed that his asthma, high blood pressure, obesity, and diabetes increased his risk of developing severe symptoms from COVID-19, which was present at the facility he was housed. (*Id.*). The Acting Warden denied his request for compassionate release finding he did not meet the criteria for a sentence reduction because the medical staffed classified him as "Care 1 (Healthy, Simple Chronic Care)" and concluded that he was able to function in a correctional facility. (*Id.*). On October 14, 2020, Defendant filed the current motion with the Court seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

## II.   LEGAL STANDARD

### A.   Motion for Reduction of Sentence Under the First Step Act

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The changes implemented by the First Step Act's amendment allow prisoners to directly petition the court, as opposed to the Bureau of Prisons, for a reduction in

2

sentence under 18 U.S.C. § 3852(c)(1)(A)(i) provided, however, they satisfy the exhaustion requirements first. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396 (E.D. Pa. 2020).

      Thus, the first step for a defendant in a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is to exhaust any available administrative remedies. *United States v. Babbitt*, No. CR 18-384, 2020 WL 6153608, at *3 (E.D. Pa. Oct. 21, 2020). To exhaust administrative remedies, a defendant must first present his request for compassionate release to the warden. *United States v. Raia*, 954 F.3d 594, 595–96 (3d Cir. 2020). Thirty days after submitting the request or after receipt of an adverse decision, whichever is earlier, the defendant may move for compassionate release in the district court. *Id.* At the second step, a defendant has the burden of demonstrating to the Court that "(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

### III.   DISCUSSION

      The first step—exhaustion of administrative remedies—has been satisfied here. Defendant unsuccessfully sought compassionate release from the warden of FMC Rochester, which was denied in October 2020. Therefore, we must consider whether Defendant has carried his burden at the second step of the analysis. That is, he must demonstrate that: (1) extraordinary and compelling circumstances warrant a reduction in sentence; (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission; and (3) the reduction is appropriate in light of the relevant factors set forth in Section 3553(a). *United States v. Tolbert*, No. CR 10-633-2, 2021 WL 1193369, at *1 (E.D. Pa. Mar. 30, 2021). Defendant's motion crumples under the weight of the first element—extraordinary and compelling reasons.

## A. Extraordinary and Compelling Reasons

"Extraordinary and compelling reasons" are not defined by statute. Rather, Congress tasked the United States Sentencing Commission with providing a definition. Congress's only instruction to the Commission was that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Commission provided such a definition in U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). There, the Commission explained that extraordinary and compelling reasons exist where there is:

> (A) terminal illness diagnoses or serious medical, physical or mental impairments from which a defendant is unlikely to recover, and which "substantially diminish" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence; or (C) two family related circumstances: (i) death/incapacitation of the only caregiver for the inmate's children or (ii) incapacitation of an inmate's spouse, if the inmate is the spouse's only caregiver.

U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In subsection (D) of the Application Note to U.S.S.G. § 1B1.13, is a catchall provision that gives the Director of the BOP the authority to determine if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the other three categories. *Id.* cmt. n.1(D). The definition of "extraordinary and compelling reasons" has not been updated since the First Step Act's enactment. Without an updated definition, there is a consensus view among sentencing courts that the definition at Section 1B1.13 "does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A) [sic]." *United States v. Somerville*, 463 F. Supp. 3d 585, 594 (W.D. Pa. 2020) (quoting *United States v. Rodriguez*, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020)); *United States v. Davidson*, No. 2:16-CR-00139-2, 2020 WL 4877255 at *18 (W.D. Pa. Aug. 20, 2020); *United States v. Jones*, No. 94-CR-20079-EJD-1, 2020 WL 5359636, at *5 (N.D. Cal. Aug. 27, 2020). However, the definition

at Section 1B1.13 continues to "provide[ ] helpful guidance." *Rodriguez*, 451 F. Supp. 3d at 397 (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 582 (M.D.N.C. 2019)).

While the Third Circuit has not articulated a definitive standard to be applied in § 3582(c) motions in this context, it has observed generally that the mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner[.]" *United States v. Roeder*, 807 Fed.Appx. 157, 161 n.16 (3d Cir. 2020). Thus, most defendants who successfully move for release related to COVID-19 through Section 3582(c)(1)(A) demonstrate that: (1) they are particularly vulnerable to developing severe illness from COVID-19 because of age or a medical condition(s); and (2) there is "an actual, non-speculative risk of exposure to COVID-19 in the facility where [they are] held." *Somerville*, 463 F. Supp. 3d at 597.

Here, Defendant has shown, and the Government has conceded, that at least one of his underlying health conditions—namely, mild obesity—places him at a uniquely high risk of suffering grave illness or death if he contracts COVID-19.[1] *United States v. Butler*, No. CR 10-612, 2020 WL 5369753, at *2 (E.D. Pa. Sept. 8, 2020) (noting "Butler's obesity alone puts him at risk of serious illness should he contract COVID-19."); *Certain Medical Conditions and Risk for Severe COVID-19 Illness*, CDC, https://www.cdc.gov/obesity/data/obesity-and-covid-19.html (last visited April 14, 2021). However, even with this heightened risk, Defendant still fails to show there are extraordinary and compelling reasons to grant his sentence reduction because there is not an actual, non-speculative risk of exposure to COVID-19 at FMC Rochester. As of the date of this opinion, there is 1 staff member and 2 inmates who are infected with COVID-19

---

[1] The Government disputes Defendant's assertion that he has hypertension and asthma. Even if we were to credit Defendant's assertions, this would still not cure the deficiency that there is not an actual, non-speculative risk of exposure to COVID-19 at FMC Rochester. These other health conditions, therefore, have no impact on our decision.

5

at FMC Rochester. No inmates or staff members have died from COVID-19, and 369 inmates and 57 staff members have recovered from the virus. Defendant has not pointed to any evidence that he is or was exposed to any inmate or staff currently infected with COVID-19. Therefore, based on the foregoing, Defendant has not submitted sufficient evidence for the Court to conclude that there is an actual, non-speculative risk of exposure to COVID-19 at FMC Rochester. *United States v. Wilder*, No. CR 03-72, 2021 WL 1224531, at *7 (W.D. Pa. Apr. 1, 2021) (denying a defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) even though he suffered from diabetes because he could not show an actual, non-speculative risk of exposure to COVID-19 at his facility since only 2 inmates and 20 staff members were infected); *see United States v. Doe*, 833 F. App'x 366, 367 (3d Cir. 2020) (per curiam) (affirming the district court's decision to deny the defendant's motion for compassionate release because despite the defendant's health conditions, his risk of contracting COVID-19 at his federal institution was speculative). Accordingly, even in light of Defendant's underlying health conditions, there are not extraordinary and compelling reasons for his compassionate release.

### IV.   CONCLUSION

For the reasons expressed above, Defendant's Motion for Reduction of Sentence under the First Step Act (Doc. No. 337) is **DENIED**.

Dated: 4/14/2021                                          s/ Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge